**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Derek Merchant

   v.                                       Civil No. 15-cv-158-JL

Esker L. Tatum

**REPORT AND RECOMMENDATION**

    Derek Merchant, a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence.  The matter is before the court for preliminary review, to determine whether the petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

**Standard**

    In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual allegations, accepted as true, to state a claim to relief that appears legally sufficient.  See McFarland v. Scott, 512 U.S.

849, 856 (1994).  When a habeas petitioner proceeds pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Merchant is serving a federal prison sentence imposed pursuant to his 2009 conviction on drug-related charges in the Middle District of Pennsylvania.  See United States v. Merchant, 1: 07-cr-00419-WWC-1 (M.D. Pa. Apr. 14, 2009), ECF No. 127.  The Third Circuit has affirmed Merchant's conviction.  See United States v. Merchant, No. 08-4729 (3d Cir. Apr. 15, 2010).

On December 22, 2011, Merchant filed a motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255, in the trial court.  Merchant, No. 07-cr-00410-WWC-1, ECF No. 146.  The motion was denied.  Id., ECF No. 147.  The Third Circuit declined to issue a certificate of appealability.  See United States v. Merchant, No. 12-2014 (3d Cir. Nov. 12, 2012).

Merchant then filed the instant § 2241 petition alleging that two of the attorneys who represented him at the trial level provided ineffective assistance of counsel, in violation of his Sixth Amendment rights.  Merchant asserts that his claims are cognizable in a § 2241 action, as they are properly brought pursuant to the "savings clause" in § 2255(e).

**Discussion**

In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255.  Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to exercise jurisdiction, under 28 U.S.C. § 2241, to consider a challenge to the validity of the inmate's detention.  See United States v. Barrett, 178 F.3d 34, 49-50 (1st Cir. 1999).  Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is <u>inadequate or ineffective to test the legality of his detention</u>.

Id. (emphasis added).

Recourse to the savings clause is allowed "in rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a 'complete miscarriage of justice,'" such as cases involving a "credible allegation of actual innocence."  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted).  If nothing prevented the petitioner from raising his § 2241 claims

3

in a first § 2255 motion, he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention. See generally Bryant v. Warden, 738 F.3d 1253, 1272 (11th Cir. 2013); see also Barrett, 178 F.3d at 53.

Merchant has failed to demonstrate that the Sixth Amendment claims he asserts here were unavailable to him at the time of his first § 2255 motion. Accordingly, Merchant has failed to show that the § 2255 process has been inadequate or ineffective to challenge his detention. See generally Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53. Merchant cannot, therefore, satisfy the requirements of the savings clause, 28 U.S.C. § 2255(e). The § 2241 petition should be dismissed as this court has no jurisdiction to hear this matter.

## Conclusion

For the foregoing reasons, the district judge should dismiss the § 2241 petition (doc. no. 1) for lack of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st

4

Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 22, 2015

cc: Derek Merchant, pro se
    Seth R. Aframe, Esq.